# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Case No. 3:18-cr-46-CAR-CHW-3 |
| **BENJAMIN BRAY,** : | |
| : | |
| **Defendant.** : | |
| : | |

## RECOMMENDATION ON MOTION TO COMMUTE SENTENCE

The Court revoked Defendant Benjamin Bray's supervised release on May 7, 2025, and sentenced him to serve 10 months in custody without any further supervision. (Doc. 471). On June 18, 2025, the Court received a letter from Defendant, docketed as a motion to commute his sentence, in which he asks the Court to commute the remainder of sentence and place him in a halfway house. (Doc. 481). Because Defendant's revocation sentence did not include a period of supervised release, Defendant seeks placement in a halfway house so that he will be better prepared to leave the custody of the Bureau of Prisons. (*Id*.) Defendant's projected release date is October 2, 2025. (Doc. 481-2).

Defendant's motion requests relief that the Court cannot grant. In executing a sentence of confinement, the federal Bureau of Prisons has the statutory authority to "designate the place of the prisoner's imprisonment," and "may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau." 18 U.S.C. § 3621(b). Such correctional facilities may include a community correctional facility, or "halfway house." The Bureau of Prisons is required, "to the extent practicable" to ensure

> that a prisoner serving a term of imprisonment spends a portion of the final months
> of that term (not to exceed 12 months) under conditions that will afford that prisoner
> a reasonable opportunity to adjust to and prepare for the reentry of that prisoner

into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The designation of a community correctional facility or halfway house for purposes of reentry is thus entrusted by law to the discretion of the Bureau of Prisons.

The Bureau's designation of the place of confinement is guided by a number of considerations, including "any statement by the court that imposed the sentence – (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). Any recommendation of the court, however, "shall have no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

At most, then, the Court can make a recommendation as to the Bureau's designation. Defendant has shown no cause for such a recommendation in this case. In ordinary cases, the designation of a place of confinement is better left to the experience and discretion of the Bureau of Prisons. Defendant has shown no circumstances or concerns of a judicial nature that would warrant a recommendation from the Court.

Accordingly, it is **RECOMMENDED** that the Court take no position as to the designation of the place of Defendant's confinement and that Defendant's letter, docketed as a motion to commute sentence, (Doc. 481) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 24th day of June, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge